Robert H. Ecker, J.
Defendants appeal from a judgment of the East G-reenbush Town Court rendered on November 29,1973, sentencing them to nine months in the Rensselaer County Jail and a fine of $250 each upon their conviction of possession of a dangerous drug in the sixth degree in violation of section 220.05 of the Penal Law of the State of New York.
Defendants contend that the court below committed error in denying their motion to suppress the drug evidence seized from their automobile; that CPL 710.40 (subd. 3) insofar as it makes provision for determination of defendant’s pretrial motion to suppress in the local criminal court during the trial is a denial of due process and equal protection of the law; and, finally, that the sentences here imposed were excessive.
Defendants timely moved to suppress the marijuana cigarettes which had been seized by State Police officers from their automobile. The People made a timely request of. the trial court pursuant to CPL 710.40 (subd. 3) for determination of defendants’ suppression motion during the trial. The jury was selected, the pretrial charge given by the court, opening statements made by counsel and the first witness sworn. After two preliminary questions, the defense counsel asked the court to proceed with the motion to suppress. At that time the jury was excused and the suppression hearing held out of the presence and hearing of the jury.
At the conclusion of the hearing, the court made its findings of fact and conclusions of law and stated the reasons for its determination to deny the defendant’s motion.
This court finds no error in the trial court’s denial of defendants’ motion to suppress.
CPL 710.40 (subd. 3) reads as follows: “ § 710.40 Motion to suppress evidence; when made and determined. * * * 3. When the motion is made before trial, the trial may not be commenced until determination of the motion; except that in the case of a pre-trial motion made in a local criminal court, such court must, upon request of the people, determine it during trial.” Under this section a pretrial motion to suppress *874 may be determined in the local criminal court before trial or, if the People so request, must be determined during the trial.
The predecessor section in the Code of Criminal Procedure (§ 813-d, subd. 3) provided: “ in the case of misdemeanors and violations, the court having summary jurisdiction over such crimes and offenses may, by general rule of court, provide that the hearing and determination of such motions may be referred to the trial court for determination during the course of the trial upon the consent of the district attorney, or if no contrary general rule of court has been promulgated, the court before which the motion is made shall have discretion either to entertain the motion, or to refer it to the trial court for determination during the course of the trial if the district attorney consents thereto. When the motion is made during trial, the court shall, in the absence of the jury, if there be one, hear evidence in the same manner as if the motion had been made prior to trial, and shall decide all issues of fact and law.” GPL 710.40 as well as section 813-d of the Code of Criminal Procedure, made provision in certain circumstances for the making of a motion to suppress in superior court during the trial. The most significant change therefore is that if the District Attorney so requests, a determination of the suppression motion must be made during the trial rather than prior to the trial.
In People v. Ganci (27 N Y 2d 418), the court although there adopting a specific rule dealing with identity hearings and providing that such proof be taken at the main trial if the court affirmatively finds that doing so will not be prejudicial, spoke generally of the advisability of conducting hearings on the suppression of physical evidence or confessions during the trial rather than pretrial. The court there noted that whether such hearings should be pretrial or during the trial rests in the judgment of the Legislature. The court noted (p. 428) there was “ no clear procedural mandate against ” the Judge and the jury making their independent determinations on the same proof. The court also stated (p. 428):
“ There may be some additional advantage in expediting the progress of cases if the whole inquiry can, without substantial prejudice, be made at the time of the trial, even though some of the proof be taken out of the presence of the jury on questions to be decided preliminarily by the Judge alone. There may be less loss of motion in bringing inquiries related to the case together at the same time.
“ This maybe useful in some instances, for example, in applications to suppress physical evidence under code title II-B. *875 Although these motions must presently be made before the trial (§ 813-d) as a matter of good judicial management it may be practical to hear them at time of trial.”
On the authority of People v. Ganci (supra), the court determines that GPL 710.40 (subd. 3) is constitutional.
Since the procedure for the court to follow for an in trial determination of a motion to suppress is not set forth in the GPL, that procedure would then rest in the sound discretion of the trial court in view of the circumstances in each case. In the event any jury prejudice should result to the defendant from a hearing in the presence of the jury, the defendant always has his right to move for a mistrial.
The court finds no constitutional issue in defendants’ argument that the presence of a jury kept waiting while defendant asserts his right to a suppression hearing is an intimidating force not present in superior court. The same conclusion is reached with regard to defendants’ contention that with a pretrial hearing he has more time to plea bargain after his motion to suppress is denied.
The court has considered defendants’ contention that the sentences here imposed were excessive. After considering the nature of the conviction and the circumstances of the defendants as revealed by the presentence investigation report, the court is of the opinion that the sentences imposed are not unduly harsh or severe.
Accordingly, the judgments of conviction are affirmed.